BROWN, Circuit Judge,
concurring:
Being in full agreement with the court’s opinion, I write separately only to emphasize that the Supreme Court has never articulated a presumptive right to counsel in the civil context. As Judge Pillard acknowledges in her concurrence, we are not dealing here with a Sixth Amendment right to counsel. The question is whether the Due Process Clause entitled Gewin to appointed counsel at his civil contempt proceeding. That determination — were it necessary for the court to decide it — would necessarily depend on a case-by-case assessment rather than a categorical rule. See Turner v. Rogers, — U.S. -, 131 S.Ct. 2507, 2517-18, 2520, 180 L.Ed.2d 452 (2011); Mathews v. Eldridge, 424 U.S. 319, 334-35, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).
Contrary to the implication of the concurrence, Turner does not craft a narrow exception to the general rule that an indigent litigant has a right to appointed counsel whenever he is threatened with the deprivation of his physical liberty. The Court in fact recognizes “the presumption that an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty.” Turner, 131 S.Ct. at 2516 (emphasis added). Thus, whereas the Supreme Court acknowledged the threat of incarceration is a necessary condition to the finding of a right to counsel in the civil context, the concurrence suggests such a threat is a sufficient condition to invoke a presumption of a right to counsel. Not so. Cf. Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) (holding a criminal offender facing revocation of probation and imprisonment does not have a right to counsel at a probation revocation hearing). Indeed, the Supreme Court makes this point exceedingly clear in the next paragraph of Turner: “[T]he Court previously ha[s] found a right to counsel “only” in cases involving incarceration, not that a right to counsel exists in all such cases (a position that would have been difficult to reconcile with Gagnon).” 131 S.Ct. at 2517.
Turner does not establish (or perpetuate) a presumption that an indigent civil defendant threatened with incarceration is entitled to counsel under the Due Process Clause.[1] On the contrary, the Supreme Court held that, rather than apply any presumption, courts are to evaluate a litigant’s due process right to counsel claim under the familiar Mathews v. Eldridge *85 framework. Under that framework, a court is to consider three factors: “(1) the nature of the private interest that will be affected, (2) the comparative risk of an erroneous deprivation of that interest with and without additional or substitute procedural safeguards, and (3) the nature and magnitude of any countervailing interest in not providing additional or substitute procedural requirements.” Turner, 131 S.Ct. at 2517-18. The application of these three factors to Gewin’s circumstances is complicated.[2]
While the threat of an indefinite period of incarceration “argues strongly for the right to counsel,” id. at 2518, reasonable minds could differ as to the risk of erroneous deprivation or the nature of countervailing interests. Gewin appears to be a sophisticated litigant who sought counsel when he desired it and whose commitment offense involved financial fraud including concealment of assets. Indeed, Gewin’s secretive and uncooperative attitude was largely responsible for the contempt finding and continually clouded the question of indigence.
No doubt it would be a “best practice” for the district court, where it is clear that a civil contemnor has a due process right to counsel, to engage a civil defendant in a colloquy to ensure he understands his right. But to demand the colloquy because it would help a reviewing court determine whether waiver of the right was “knowing and intelligent” puts the cart before the horse. I need merely reiterate what the court’s opinion makes exceedingly clear: we do not decide today whether such a high standard of waiver is necessary for a civil defendant to forgo a due process right to counsel. It is entirely possible that this court will, in a future case, conclude that this right, like so many others, can be lost by simple forfeiture. We need not, and do not, resolve this issue now.

. Turner overruled earlier cases from the Courts of Appeals to the extent they were inconsistent with this proposition, including Walker v. McLain, 768 F.2d 1181 (10th Cir.1985). See Concurrence at 87-88. Compare Turner, 131 S.Ct. at 2520 ("[T]he Due Process Clause does not automatically require the provision of counsel at civil contempt proceedings to an indigent individual who is subject to a child support order, even if that individual faces incarceration (for up to a year).”), with Walker, 768 F.2d at 1185 (”[D]ue process does require, at a minimum, that an indigent defendant threatened with incarceration for civil contempt for nonsupport ... be appointed counsel to assist him in his defense.”).

. It is worth noting that the court does not decide the antecedent question of whether Gewin was indigent. Judge Pillard concludes that because Gewin owed as fine and restitution more than the district court had found his assets were worth, Gewin would have been unable to pay for his own lawyer at the civil contempt proceedings. But that conclusion ignores Gewin's experience at hiding his assets, and as an appellate court we are in no position to make an initial factual determination regarding Gewin’s ability to hire a lawyer. Further, despite the district court’s sentence, Gewin was able to hire a lawyer to represent him before this court both on direct appeal from his criminal conviction and in the instant appeal. His indigence in 2007 was anything but certain.